FILED
2017 Jun-23  PM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

**BRIAN ROBERT BLAZER
D/B/A CARPENTER BEE SOLUTIONS**

     **Plaintiff and Counter-Defendant**

**v.**

    **CHRISMAN MILL FARMS, LLC**

     **Defendant and Counter-Plaintiff**

**Case No. 1:17-cv-0320-VEH**

## AMENDED COUNTERCLAIMS OF CHRISMAN MILL FARMS, LLC

Defendant, Chrisman Mill Farms, LLC ("CMF"), by and through counsel and pursuant to Fed. R. Civ. P. 15(a)(1)(B), hereby submits the following Amended Counterclaims.

## <u>AMENDED COUNTERCLAIMS</u>

Chrisman Mill Farms, LLC ("CMF"), for its counterclaims against Brian Robert Blazer d/b/a Carpenter Bee Solutions ("Blazer"), avers as follows:

1. This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,375,624 ("the '624 patent") and RE46421 which subsumes the '624 Patent and its claims, for unfair competition and false advertising under the Lanham Act 15 U.S.C. § 1125(a)(1)(B), for breach of the implied warranty for fitness for a particular purpose, for tortious interference

with existing and prospective business relationships, and a declaratory judgment that Brian R. Blazer is not a member of Chrisman Mill Farms or, in the alternative, that the Counter-Defendant has breached his fiduciary duty to the Counter-Plaintiff.

2. There is an actual justiciable case or controversy pursuant to 28 U.S.C. § 2201 regarding the validity and infringement of the '624 Patent and RE46421. A judicial determination that the claims of the '624 Patent and RE46421 are invalid and that the CMF has not infringed any valid claim of the '624 Patent or RE46421is necessary and appropriate at this time so that CMF may ascertain its rights and duties with respect to the '624 Patent and RE46421.

## PARTIES

3. Counter-Plaintiff, Chrisman Mill Farms, is a limited liability company organized under the laws of the Commonwealth of Kentucky and is domiciled at and operates from its principle place of business in Nicholasville, KY. Exhibit A.

4. Chrisman Mill Farms is a manufacturer of carpenter bee traps and was a licensee under the '624 patent until December 31, 2016.

5. Chrisman Mill Farms is a single member limited liability company owned and operated by Anthony Robinson, a citizen of the Commonwealth of Kentucky and a resident of Nicholasville, KY.

6. Counter-Defendant, Brian Robert Blazer is a sole proprietor doing business as Carpenter Bee Solutions.

2

7.     Blazer is a citizen of the State of Alabaman and both resides and has a principal place of business in Heflin, AL.

8.     Carpenter Bee Solutions is not organized as a business entity under the laws of any state or country.

9.     Blazer has claimed that he owns 51% of Chrisman Mill Farms, has repeated that allegation in its complaint filed in the Northern District of Alabama (ECF No. 1-1, paras. 21-22) and filed a document (ECF No. 1-3) with this court to support that allegation.

## JURISDICTION AND VENUE

10.     This Complaint arises in part under the Patent Laws of the United States of American, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

11.     This Court has subject matter jurisdiction over this CMF's Counterclaims under 28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), 1338(a), and 1338(b).

12.     This Court has personal jurisdiction over Brian Robert Blazer because Carpenter Bee Solutions initiated and is prosecuting this action in this district, is a resident of this district, and has a principal place of business in within this district.

13.     This Court is authorized to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as implemented through Federal Rule of Civil Procedure 57.

14.     This Court is authorized to grant Chrisman Mill Farms prayer for relief regarding costs, including a reasonable attorney's fee, pursuant to 35 U.S.C. § 285.

15.     Venue for the Plaintiff's underlying Complaint is improper in this judicial district pursuant to 28 U.S.C. § 1400(b) and this case should therefore be transferred to the Eastern District of Kentucky.

## RELEVANT FACTS

16.     That Blazer is an assignee of United States Patent Nos. 8,375,624 (ECF No. 3-1) and RE46421, both entitled "Carpenter Bee Traps."

17.     That the '624 Patent issued from U.S. Patent Application 12/430,148 (the "148 Application"), whose prosecution history is attached hereto as Exhibit B.

18.     That RE46421 is a broadening reissue of the '624 Patent and was prosecuted as U.S. Patent Application 14/625,478, whose prosecution history is attached hereto as Exhibit C.

19.     That the inventors of record for the '624 Patent and RE46421 are Brian Robert Blazer ("Blazer") and Bradley J. Blazer.

20.     That Blazer believes that the WOOD BEE GONE II carpenter bee trap infringes at least claim 13 of RE46421.

21.     That Bradley J. Blazer is a co-inventor of the '624 Patent and RE46421, and has assigned his entire interest in the '624 Patent and RE46421 to Carpenter Bee Solutions.

22.    Blazer does business as Carpenter Bee Solutions in Heflin, Alabama.

23.    Carpenter Bee Solutions is, upon information and belief, the assignee of record of the '624 Patent at the United States Patent and Trademark Office.  See Exhibit D.

24.    Blazer has previously claimed to be a member of Chrisman Mill Farms, LLC.

25.    Blazer forged a document, filed as ECF No. 1-3 in this case, purporting to own 51% of Chrisman Mill Farms, LLC.

26.    Upon information and belief, the Counter-Defendant has licensed the '624 patent to Best Bee Brothers, LLC.

27.    Best Bee Brothers, LLC and Chrisman Mill Farms, LLC are direct competitors.

28.    CMF has not authorized Blazer to compete against it.

29.    The Blazer benefits financially from the elimination of competition to Best Bee Brothers, LLC in the carpenter bee trap market in the United States of America.

30.    That Carpenter Bee Solutions sells carpenter bee traps.

31.    Claim 1 of the '624 Patent is its only independent claim.

32.    Claims 2 through 12 of the '624 Patent depend from and inherit all of

the limitations of claim 1.

33.     Claims 1 and 13 are the only independent claims of RE46421.

34.     Claims 2 through 12 of RE46421 depend from claim 1 of RE46421 and inherit all of the limitations of claim 1.

35.     Claims 14 through 21 of RE46421 depend from claim 13 of RE46421 and inherit all of the limitations of claim 13.

36.     Claims 1 through 12 of the '624 Patent and RE46421 are identical.

37.     Claim 13 of RE46421 is broader than claim 1 of the '624 Patent in that it does not require a "means to shelter the entrance to said hole is provided to reduce the admittance of ambient light."

38.     That during the prosecution of the '624 patent, the claim element "means to shelter the entrance to said hole is provided to reduce the admittance of ambient light" was added by an authorized examiner's amendment.  Exhibit E.

39.     That CMF marketed its WOOD BEE GONE carpenter bee trap until December 31, 2016.

40.     That CMF manufactured and sold the WOOD BEE GONE carpenter bee trap under a license (Exhibit F) from Blazer which expired on December 31, 2016.

41.     That Blazer and CMF agreed that CMF's licensing of the '624 Patent

would release CMF from past allegations of infringement.

42.     That in 2016, CMF purchased carpenter bee traps ("trap units") from Blazer at a cost of $10.00 per unit, of which $3.00 was a prepaid royalty.

43.     That 930 trap and/or trap boxes purchased from Blazer in 2016 were not usable and required significant rework to be merchantable.

44.     That Blazer was notified by CMF as to the defective trap units.

45.     That after being placed on notice as to the defective trap units, Blazer refused to honor any warranty as to defective trap units.

46.     That the remaining partially constructed carpenter bee traps CMF purchased from Blazer are stored and available for inspection in Lexington, Kentucky.

47.     The CMF developed a new carpenter bee trap, the WOOD BEE GONE II, and, on January 3, 2017, shared drawings of the product with Blazer along with a construction of claim 1 which demonstrated that the WOOD BEE GONE II carpenter bee trap does not infringe the '624 Patent because there is no means to shelter the entrance to the hole and asking Blazer to identify how the WOOD BEE GONE II trap infringes the '624 patent if he held that belief.  Exhibit G.

48.     On or about January 5, 2017, Blazer alleged, via text message to Anthony Robinson, that CMF's WOOD BEE GONE and WOOD BEE GONE II carpenter bee trap models infringed the '624 patent.  See Exhibit H.

49.     At no time prior to filing this civil action or since then has Blazer provided any reasonable explanation to CMF as to why Blazer believes that the WOOD BEE GONE II trap infringes the '624 patent.

50.     That Blazer contacted Amazon on or about February 7, 2017 and alleged that the WOOD BEE GONE II carpenter bee trap being sold on Amazon's website, having Amazon product identification ASIN B01N4SLB81, infringed the '624 patent, and demanded that Amazon remove the product from Amazon's website.

51.     On or about February 7, 2017, Blazer provided a claims construction chart to Amazon, attached as Exhibit I, in which he claimed that the WOOD BEE GONE II carpenter bee trap infringed the '624 patent because the roof overhangs the front of the trap to shelter the entrance to the trap's hole and included the photograph below.



52.     That the photograph that Blazer provided to Amazon used to allege that the roof overhangs the entrance to the trap tunnel on February 7, 2017 demonstrates that the roof does not extend past the face of the trap having the entrance to the trap's tunnel.

53.     On or about February 23, 2017, Blazer provided a second claims construction chart to Amazon (ECF No. 3-4) in which he claimed that the WOOD BEE GONE II carpenter bee trap infringed the '624 patent because the roof shelters the entrance hole and included the photograph above.

54.     That the photograph that the Counter-Defendant provided in its infringement contentions filed as ECF No. 3-4 show that the entrance to the hole is not sheltered from ambient light by the roof.

55.     That on or about February 7, 2017, Amazon complied with the Counter-Defendant's demand and removed the listing for the WOOD BEE GONE II carpenter bee trap.

56.     That on or about February 9, 2017, the Counter-Defendant contacted Etsy, Inc. ("Etsy") and alleged that the WOOD BEE GONE II carpenter bee trap infringes the '624 patent and demanded that it be removed from sale on the etsy.com website.

57.     That on or about February 9, 2017, Etsy complied with the Counter-Defendant's demand and removed the WOOD BEE GONE II trap from its etsy.com website.

58.     That on or about February 16, 2017, the Counter-Defendant contacted Bonanza, Inc. ("Bonanza") and alleged that the WOOD BEE GONE II carpenter bee trap infringes the '624 patent and demanded that it be removed from sale on the bonanza.com website.

59.     That on or about February 16, 2017, Bonanza complied with the Counter-Defendant's demand and removed the WOOD BEE GONE II trap from its bonanza.com website.

60.     That on or about February 20, 2017, the Counter-Defendant contacted Houzz, Inc. ("Houzz") and alleged that the WOOD BEE GONE II carpenter bee trap infringes the '624 patent and demanded that it be removed from sale on the

houzz.com website.

61.    That on or about February 20, 2017, Houzz complied with the Counter-Defendant's demand and removed the WOOD BEE GONE II trap from its houzz.com website.

62.    That the Counter-Plaintiff has lost sales and continues to lose sales due to the delisting of its products from amazon.com, bonanza.com, houzz.com, and etsy.com.

63.    That the Counter-Plaintiff has already incurred damages in excess of $75,000.

64.    That on September 4, 2012, claim 1 of the '148 Application was amended during prosecution to read:

>    A carpenter bee trap comprising:
>
>    a trap entrance unit forming a plenum having at least one entrance hole surrounded by opaque wood or wood substitute, the hole sized to mimic a natural carpenter bee nest tunnel entrance providing a primary attractant, and sheltered to reduce the admittance of ambient light, and at least one receptacle adapter configured to allow the attachment of a clear receptacle and admit ambient light through the adapter with a greater intensity than light from the entrance hole to provide a secondary attractant such that bees entering the plenum will be attracted by the light into an attached receptacle.

65.    That claim 1 of the '148 Application was amended during prosecution

on October 19, 2012 to add the claim element a "means to shelter an entrance to said hole is provided to reduce the admittance of ambient light." Exhibit B, Prosecution History of the '624 Patent, pp. 15-17.

66.     That the inclusion by amendment of a "means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" in claim 1 of the '624 Patent was intentional.

67.     That claim 13 of RE46421 omits the claim element "a means to shelter the entrance to said hole is provided to reduce the admittance of ambient light" found in claim 1 of the '624 Patent, wherein Blazer's claim 13 claims:

> A carpenter bee trap, comprising:
>
> a trap entrance unit formed of wood or a wood substitute, wherein at least one side of the trap entrance unit has at least one entrance hole that extends from outside the trap entrance unit to an interior of the trap entrance unit, wherein the at least one entrance hole extends substantially horizontally or at an upward angle with a size and shape configured to provide a primary attractant for carpenter bees, and wherein the trap entrance unit further comprises an exit opening for providing an exit path from the interior of the trap entrance unit;
>
> and
>
> a receptacle adapter located at the exit opening of the trap entrance unit, wherein the receptacle adapter is adapted to receive at least one receptacle and is adapted so as to allow at least some ambient light to enter the interior of the trap entrance unit via the exit opening, thereby providing a

secondary attractant for carpenter bees.

68.    That the '624 Patent's inclusion by examiner's amendment of the limitation of a "means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" in claim 1 of the '624 Patent is not part of the limitation of claims 13-21 of RE46421.

69.    That the omission of the claim element "means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" in claim 13 of RE46421 broadens the scope of claim 13 relative to claim 1 of the '624 Patent by removing a limitation.

70.    That the word "ambient" when referring to light excludes direct light.

71.    That the prosecution history for the Reissue Application contains no evidence that the inventors or their patent attorney informed the USPTO of this civil action.

72.    That the prosecution history for the Reissue Application contains no evidence that the inventors or their patent attorney informed the USPTO of the civil action that was docketed in the Lexington Division of the Eastern District of Kentucky as *Chrisman Mill Farms, LLC v. Brian R. Blazer d/b/a Carpenter Bee Solutions*, 5:17-cv-00011-DCR (the "Declaratory Judgment Action").

73.    That pursuant to 37 C.F.R. § 1.178(b), Blazer had an ongoing duty to inform the USPTO of any litigation proceedings involving the '624 Patent during

13

the prosecution of RE46421.

74.    That, upon information and belief, neither of the two inventors nor their patent attorney informed the USPTO of this civil action during the prosecution of RE46421.

75.    That, upon information and belief, neither the inventors nor their patent attorney informed the USPTO of the Declaratory Judgment Action.

## CAUSES OF ACTION

### COUNT 1
### Declaratory Judgment that the WOOD BEE GONE Carpenter Bee Trap Does Not Infringe any Valid Claim of the '624 Patent or RE46421

76.    CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

77.    Blazer has alleged that Chrisman Mill Farms' WOOD BEE GONE carpenter bee trap infringes the claims of the '624 Patent.

78.    The claims of the '624 Patent are subsumed by RE46421.

79.    The manufacture, use, offer to sell, sale, and importation of the WOOD BEE GONE carpenter bee trap does not infringe any valid and enforceable claim of the '624 Patent or RE46421 within the United States of America, either directly, indirectly, jointly, or otherwise, and CMF has not induced others to infringe.

80.     That no unlicensed WOOD BEE GONE model of carpenter bee trap has been made, sold, offered for sale, or imported by CMF since the expiration of the patent license under which CMF operated.

81.     That the WOOD BEE GONE model of carpenter bee trap does not possess a structure which shelters the entrance to the hole to reduce the admittance of ambient light as required by the '624 Patent and RE46421.

82.     That claims 13-21 of RE46421 are not valid and/or enforceable due to inequitable conduct on the part of the inventors in failing to inform the USPTO of litigation related to the '624 Patent.

83.      That claims 13-21 of RE46421 are not valid and/or enforceable because claim 13 contains matter that violates 35 U.S.C. § 251 (the recapture rule) in that the broader claims of RE46421 recapture claim scope that was surrendered by amendment during prosecution, i.e. the requirement that the entrance to the hole be sheltered to reduce the admittance of ambient light.

84.     A judicial declaration is necessary to resolve this controversy.

85.     CMF requests a declaratory judgment that it does not and has not infringed nor induced others to infringe any valid and enforceable claim of the '624 Patent or RE46421.

## COUNT 2
### Declaratory Judgment that the WOOD BEE GONE II Carpenter Bee Trap Does Not Infringe any Valid Claim of the '624 Patent or RE46421

86.     CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

87.     Blazer has alleged that Chrisman Mill Farms' WOOD BEE GONE II carpenter bee trap infringes the claims of the '624 Patent.

88.     The claims of the '624 Patent are subsumed by RE46421.

89.     The manufacture, use, offer to sell, sale, and importation of the WOOD BEE GONE II carpenter bee trap does not infringe any valid and enforceable claim of the '624 Patent or RE46421 within the United States of America, either directly, indirectly, jointly, or otherwise, and CMF has not induced others to infringe.

90.     That the WOOD BEE GONE II model of carpenter bee trap does not possess a structure which shelters the entrance to the hole to reduce the admittance of ambient light as required by the '624 Patent and RE46421.

91.     That the WOOD BEE GONE II model of carpenter bee trap, since the issuance of RE46421, does not possess a hole that extends substantially horizontally or at an upward angle as required by all claims of the '624 Patent and RE46421.

92.     That claims 13-21 of RE46421 are not valid and/or enforceable claims due to inequitable conduct on the part of the inventors in failing to inform the

USPTO of litigation related to the '624 Patent.

93.      That claims 13-21 of RE46421 are not valid and/or enforceable claims because claim 13 contains matter that violates 35 U.S.C. § 251 (the recapture rule) in that the broader claims of RE46421 recapture claim scope that was surrendered by amendment during prosecution, i.e. the requirement that the entrance to the hole be sheltered to reduce the admittance of ambient light.

94.      A judicial declaration is necessary to resolve this controversy.

95.      CMF requests a declaratory judgment that it does not and has not infringed nor induced others to infringe any valid and enforceable claim of the '624 Patent or RE46421.

## COUNT 3
## Declaratory Judgment of Invalidity and/or Unenforceability of Claims 1-12 of the '624 Patent and Claims 1-21 of RE46421

96.      CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

97.      The claims of the '624 Patent and RE46421 are, and have always been, invalid and void on the grounds that the purported invention fails to meet the conditions of patentability specified in Title 35 U.S.C. §§ 102, 103, and/or 112.

98.      Claims 13-21 of RE46421 are unenforceable because of patent misuse by Blazer.

99.    Claims 1-12 of the '624 Patent and claims 1-21 of RE46421 are invalid because of the existence of invalidating prior art.

100.    Claims 1-12 of the '624 Patent and claims 1-21 of RE46421 are invalid as obvious pursuant to 35 U.S.C. § 103.

101.    Claims 1-12 of the '624 Patent and claims 1-12 of RE46421 are invalid as indefinite pursuant to 35 U.S.C. § 112 for failing to clearly set forth a definition for ambient other than its plain and ordinary meaning.

102.    Claims 1-12 of the '624 Patent and claims 1-12 of RE46421 are invalid under the doctrine of double inclusion regarding "a means to shelter said entrance to said hole is provide to reduce the admittance of ambient light."

103.    Claims 13-21 of RE46421 are void and/or unenforceable for omitting the claim element "a means to shelter an entrance to said hole is provided to reduce the admittance of ambient light" as found in claim 1 of the '624 Patent.

104.    A judicial declaration is necessary to resolve this controversy.

105.    CMF requests a declaratory judgment that each of the claims of the '624 Patent and RE46421 are invalid.

## COUNT 4
### Unfair Competition under the Lanham Act
### (15 U.S.C. § 1125(a)(1)(B))

106.    CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

18

107.   CMF and Blazer are competitors in the business of manufacturing and selling carpenter bee traps.

108.   Blazer, in communications to third parties, has falsely alleged and continues to falsely allege that CMF's WOOD BEE GONE II carpenter bee trap infringe the '624 Patent.

109.   Blazer has made these allegations knowing that the patent is invalid, unenforceable, and/or not infringed by the WOOD BEE GONE II carpenter bee trap.

110.   Blazer has made its infringement allegations directly to CMF's customers and on-line retailers.

111.   Blazer has communicated allegations of patent infringement against the WOOD BEE GONE II carpenter bee trap to CMF's customers and on-line retailers to dissuade and/or deter them from allowing CMF to sell its carpenter bee traps through their websites, and to dissuade and/or deter them and others from buying or selling CMF's carpenter bee traps and to adversely affect CMF's goodwill and reputation.

112.   Blazer has communicated allegations of patent infringement against WOOD BEE GONE carpenter bee traps manufactured under a license to the '624 Patent to CMF's customers and on-line retailers to dissuade and/or deter them from allowing CMF to sell its licensed carpenter bee traps through their websites, and to dissuade and/or deter them and others from buying or selling CMF's carpenter bee

traps licensed under the '624 Patent and to adversely affect CMF's goodwill and reputation.

113.   Blazer's aforementioned allegations of patent infringement constitute patent misuse in that such enforcement activities are efforts to improperly broaden the physical scope of the '624 Patent.

114.   Blazer's aforementioned enforcement activities have an anticompetitive effect in that they stymie progress and innovation and remove non-infringing products from the carpenter bee trap market in the United States of America.

115.   Blazer's aforementioned patent infringement allegations are false and misleading statements about the nature, characteristics, and/or qualities of WOOD BEE GONE and WOOD BEE GONE II carpenter bee traps.

116.   The aforementioned actions of Blazer constitute false descriptions of the nature, characteristics, and/or qualities of CMF's products under 15 U.S.C. § 1125(a)(1)(B).

117.   Blazer's false or misleading statements are likely to mislead a substantial segment of its recipients.

118.   Blazer's false or misleading statements are likely to cause others to withhold trade from CMF.

119.   Blazer's statements have been used in interstate commerce.

120.   CMF has suffered damages in the form of lost revenue, lost business opportunities, damage to its reputation and the reputation of its products, and a loss of goodwill.

121.   CMF will continue to be damaged by Blazer's conduct unless enjoined by this Court.

122.   Blazer has profited from his wrongful conduct.

## COUNT 5
## Tortious Interference with Existing and Prospective Business

123.   CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

124.   A valid business relationship exists between Amazon and CMF which allows the Counter-Plaintiff to sell the WOOD BEE GONE II carpenter bee trap to Amazon's Vendor Central unit for resale on amazon.com.

125.   CMF has the expectancy of valid business relationships with consumers who would purchase CMF's WOOD BEE GONE II carpenter bee trap through Amazon, Bonanza, Etsy, and Houzz but for the false allegations of patent infringement raised by Blazer.

126.   Blazer knew of the aforementioned business relationships and expectations of business relationships through his business dealings with CMF.

127.   Blazer intentionally interfered with the aforementioned business

relationships and expectations of business relationships by causing the removal of the WOOD BEE GONE II carpenter bee trap from amazon.com, bonanza.com, etsy.com, and houzz.com by falsely alleging that the product infringes the claims of the '624 Patent.

128.   Blazer's motives were improper in that he intended to prevent the sales of the WOOD BEE GONE II carpenter bee trap for the purpose of gaining a competitive advantage and to cause harm to CMF as retribution for seeking a declaratory judgment of non-infringement and invalidity of the '624 patent.

129.   That were it not for Blazer's interference with CMF's valid business relationships and expected business relationships, the WOOD BEE GONE II carpenter bee trap would still be available for purchase on the amazon.com, bonanza.com, etsy.com, and houzz.com websites.

130.   Blazer has made the aforementioned allegations of infringement to CMF's on-line retailers to dissuade and/or deter them from allowing CMF to sell its carpenter bee traps through their websites, to dissuade and/or deter CMF's customers and potential customers from buying its carpenter bee traps, and to adversely affect CMF's goodwill and reputation..

131.   Blazer's aforementioned allegations of patent infringement are patent misuse in that its enforcement activities are efforts to improperly broaden the physical scope of the '624 Patent.

132. Blazer's aforementioned enforcement activities have an anticompetitive effect in that they stymie progress and innovation and remove non-infringing products from the carpenter bee trap market in the United States of America.

133. CMF has lost and will continue to lose sales revenue and goodwill due to the removal of the WOOD BEE GONE II carpenter bee trap from the amazon.com, bonanza.com, etsy.com, and houzz.com websites.

134. CMF will continue to be damaged by Blazer's conduct unless enjoined by this Court.

135. Blazer has profited from his wrongful conduct.

## COUNT 6
### Breach of the Implied Warranty of Fitness for a Particular Purpose
### (Ky. Rev. Stat. 355.2-315 and Ala. Code § 7-2-315)

136. CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

137. Blazer is a manufacturer and seller of carpenter bee traps.

138. That in 2016, CMF purchased carpenter bee trap units from Blazer at a cost of $10.00 per unit, of which $3.00 was a prepaid royalty.

139. That Blazer had reason to know of the particular purpose for which the goods were required.

140.    That CMF relied upon the Blazer's skill or judgment to furnish suitable goods.

141.    That 930 of the carpenter bee trap units from Blazer in 2016 were unusable in that they were constructed in poor quality and required significant rework to be merchantable.

142.    That there is an implied warranty of fitness for the particular purpose for which they were intended.

143.    That CMF provided notice to Blazer that the trap units were defective.

144.    That Blazer has breached this warranty by refusing accept returns of the defective product.

## COUNT 7
## Declaratory Judgment that Blazer is not a Member of Chrisman Mill Farms, LLC

145.    CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

146.    That Blazer has claimed to own a 51% equity stake in CMF, thus claims to be a member.

147.    That Blazer's claim to be a member of Chrisman Mill Farms, LLC is false.

148.    A judicial declaration is necessary to resolve this controversy.

149.    That CMF requests a declaratory judgment that Blazer is not a member

of Chrisman Mill Farms, LLC.

## COUNT 8
### (Alternative Pleading to COUNT 7)
### Blazer has Breached his Fiduciary Duty to Chrisman Mill Farms, LLC

150.   CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

151.   That Blazer has claimed to be a member of Chrisman Mill Farms, LLC.

152.   That if the Blazer is a member of Chrisman Mill Farms, LLC, he owes a fiduciary duty to CMF and its members.

153.   That Blazer has licensed the '624 Patent to third-parties in violation of his fiduciary duty.

154.   That Blazer has breached his fiduciary duty by misappropriating business opportunities belonging to CMF.

155.   That Blazer has breached his fiduciary duty by licensing his '624 Patent to Best Bee Brothers, LLC.

156.   That, upon information and belief, Blazer is a member of Best Bee Brothers, LLC.

157.   That Blazer has breached his fiduciary duty by competing with CMF.

158.   That Blazer's actions to interfere with the sales of CMF's products constitutes harm to the minority stakeholder.

159.   That the aforementioned actions of the Blazer, if he is found to be a

member of CMF, constitute a breach of fiduciary duties to CMF and/or its members.

160.   That CMF has been damaged by Blazer's aforementioned breach of fiduciary duties.

## COUNT 9
## Declaratory Judgment of Invalidity of RE46421 Due to Inequitable Conduct

161.   CMF hereby restates and realleges each of the foregoing paragraphs as if fully set forth herein.

162.   That, upon information and belief, an individual associated with the filing and prosecution of RE46421 made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information to the USPTO during the prosecution of RE46421.

163.   That, upon information and belief, the aforementioned actions of the preceding paragraph were done with the intent to deceive the USPTO.

164.   That RE46421 is unenforceable due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, Chrisman Mill Farms, LLC requests a trial by jury and prays that the Court enter a judgment as follows:

1.   A declaration by this Court that the use, sale, offer for sale or importation of the WOOD BEE GONE carpenter bee trap does not constitute infringement of any valid claim of the '624 patent either literally, under the doctrine

of equivalents, by inducement, or otherwise;

2.     A declaration by this Court that the use, sale, offer for sale or importation of the WOOD BEE GONE II carpenter bee trap does not constitute infringement of any valid claim of the '624 Patent or RE46421 either literally, under the doctrine of equivalents, by inducement, or otherwise;

3.     A declaration that Chrisman Mill Farms, LLC has not willfully infringed any valid claim of either the '624 Patent or RE46421;

4.     A declaration by this Court that all claims of the '624 Patent and RE46421 are invalid;

5.     A declaration by this Court that the claims of the '624 Patent and RE46421 are unenforceable;

6.     Permanently enjoining Blazer and all those acting under the authority of or in privity with him from asserting or otherwise seeking to enforce the '624 Patent or RE46421 against Chrisman Mill Farms;

7.     A declaration by this Court that Brian R. Blazer is not a member or manager of Chrisman Mill Farms, LLC or, alternatively, adjudging and declaring that Brian R. Blazer has breached his fiduciary duty to Chrisman Mill Farms, LLC.

8.     A finding by this Court that this case is exceptional under 35 U.S.C. § 285 and that an award to Chrisman Mill Farms, LLC of treble damages and its attorney's fees and costs of suit is appropriate;

9.     Adjudging and declaring that Blazer unfairly competed with Chrisman Mill Farms, LLC in violation of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), awarding appropriate special and punitive damages to Chrisman Mill Farms, LLC as well as reasonable attorney's fees and costs.

10.     Adjudging and declaring that Blazer's prior and current patent enforcement activities against Chrisman Mill Farms constitutes patent misuse and renders the claims of the '624 Patent and claims 13-21 of RE46421 unenforceable during such misuse and until such misuse is cured.

11.     Adjudging and declaring that Blazer has tortiously interfered with Chrisman Mill Farms valid business relationships and prospective business relationships, awarding appropriate special and punitive damages to Chrisman Mill Farms.

12.     Adjudging and declaring that Blazer has breached the implied warranty of fitness for a particular purpose, awarding appropriate damages to Chrisman Mill Farms; and

13.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ James M. Francis
James M. Francis
Francis Law Firm
2333 Alexandria Dr.
Lexington, KY 40504
Phone: (859) 519-0755
Fax:   (859) 201-1315
jim@francis-law.com
*Counsel for Defendant*

Brenen G. Ely
Alabama Bar No. ASB-0366-E54B
Ely and Isenberg, PLLC
2100-B Southbridge Parkway, Suite 380
Birmingham, AL 35209
Telephone: 205-313-1200
Facsimile: 205-313-1201
E-mail: bely@elylawllc.com
*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on June 23, 2017, I electronically filed this document with the Clerk of Court using CM/ECF, which will send electronic notification of such filing to the following counsel of record.

Joseph J. Gleason
Gleason Law, LLC
780 Morosgo Drive
# 14084
Atlanta, GA 30324
*Counsel for Plaintiff*

Steven M. Brom
Bachus & Brom LLC
4908 Cahaba River Road
Suite 100
Birmingham, AL 35243
*Counsel for Plaintiff*

_____
/s/ James M. Francis
James M. Francis
*Counsel for Defendant*