UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN ROBERT BLAZER, D/B/A CARPENTER BEE SOLUTIONS | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 17-430-DCR |
| V. | ) ) ) | **AMENDED SCHEDULING ORDER** |
| CHRISMAN MILL FARMS, LLC, | ) ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter has been transferred to this Court from the Northern District of Alabama in accordance with 28 U.S.C. § 1406(a). [Record No. 33] The parties have previously met and conferred and filed a report [Record No. 25], after which a Scheduling Order was entered by the district court judge in Alabama. [Record No. 26]. This Court will adopt the agreed-upon deadlines in the previously filed scheduling order, but subject to the following amendments. Accordingly, it is hereby

**ORDERED** as follows:

1.     The deadlines previously set in this action are **ADOPTED**, subject to the following amendments.

2.     Pursuant to 28 U.S.C. § 636(b)(1)(A), all discovery disputes are referred to the United States Magistrate Judge assigned by random draw.  Discovery disputes shall be resolved in the following manner:  (1) parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable

to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the United States Magistrate Judge; (3) if, and only if, the parties are unable to resolve their disputes after conference with the United States Magistrate Judge, they may file appropriate written motions with the Court. Any written motion regarding discovery shall include the certification required by Rule 37(a)(1), if applicable.

## *MARKMAN BRIEFING SCHEDULE*

3. The parties shall file a Joint Claim Construction Statement on or before **December 11, 2017**. The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

4. Plaintiff shall file an initial *Markman* brief on or before **January 4, 2018**. Defendant shall file its responsive *Markman* brief on or before **January 18, 2018**. Plaintiff may file a reply brief on or before **January 25, 2018**.

5. The necessity for a *Markman* hearing will be determined once briefing is completed.

## **REMAINING SCHEDULE**

6. All remaining deadlines will be addressed after the Court's *Markman* decision is rendered.

7.      *All motions for extensions of time shall be referred to the undersigned for disposition.  The parties are advised in advance that such motions are not favored and must be accompanied by a memorandum and affidavit of counsel outlining sufficient grounds for granting the relief sought.*

8.      The parties may not, by agreement, extend any of the deadlines set forth in this Scheduling Order.  Likewise, the parties may not, by agreement, extend any deadline for responding to motions as required by Local Rule 7.1(c).  Extensions regarding these matters require approval of the Court.

9.      *The parties are directed to file a joint status report the first Monday of each month.*  Separate or individual status reports are not permitted.  The status reports shall summarize the activities in the case for the preceding thirty (30) days.  Status reports should include activities in the case, as opposed to merely summarizing items appearing on the docket sheet.  *Failure to timely comply with this requirement shall result in the matter being set for a status conference, requiring the attendance of counsel and the parties.*

10.     In the event the parties seek to mediate their dispute, they are directed to use the services of a private mediator.

This 2nd day of November, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge