UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRIAN ROBERT BLAZER, d/b/a CARPENTER BEE SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:17-CV-430-DCR-REW |
| v. | ) ) | ORDER |
| CHRISMAN MILL FARMS, LLC, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Today, defense counsel contacted Chambers to request a telephonic conference regarding numerous discovery disputes that the parties have been unable to resolve themselves, generally concerning (1) responses to plenteous requests for production, (2) responses to certain interrogatories,[1] (3) the details of Plaintiff's deposition, and (4) certain troubles with claim construction discovery. In order to address the disputes, and after conferring with all counsel, the Court **ORDERS** as follows:

(1)     By **November 10, 2017, at 12:00 p.m. (noon)**, the parties **SHALL** submit (not file) brief (**maximum three pages**) letters outlining their positions on the discovery disputes.[2] These letters may be in PDF or DOC format and should be provided to Chambers by email (wier_chambers@kyed.uscourts.gov). Counsel shall copy opposing

---

[1] Plaintiff's counsel, upon consultation, stated that he was unaware of any disputes concerning interrogatories.

[2] Plaintiff's counsel telephonically requested staggered letter submission deadlines, but the Court, in its discretion, sets a simultaneous deadline. In accordance with paragraph 3 below, all counsel **must** confer prior to letter submission. The Court encourages (expects) the parties, as part of these discussions, to talk about the specifics of the disputes actually before the Court so as to ensure the letters address the same topics. *See also supra* n.1.

counsel. Counsel shall additionally submit any relevant (but strictly targeted) portions of filings and other papers concerning the disputes.

  (2) The Court anticipates scheduling either a telephonic conference or an in-court hearing after reviewing the November 10 tenders.

  (3) In advance of these proceedings, the parties **SHALL** continue to confer (*i.e.*, actually talk with one another) in an effort to reach an agreed resolution of or narrow the disputes. Disputes of this variety and magnitude are a rarity, and the Court requires the parties' good faith attempts to resolve the matters without judicial involvement.[3] Counsel shall promptly advise the Court if the disputes narrow and / or a hearing is no longer needed.

  This the 6th day of November, 2017.

Signed By:
Robert E. Wier /REW/
United States Magistrate Judge

---

[3] It is unusual (and normally a signal of Rule 1 disobedience) for parties to disagree about virtually every discovery category. The parties shall walk through the issues together and be certain to present only valid issues for Court attention.

2