# Gleason Law LLC

January 24, 2018

**Hon. Robert E. Wier**
United States Magistrate Judge
US District Court
101 Barr Street
Lexington, Kentucky 40507
wier_chambers@kyed.uscourts.gov

      RE: *Blazer v. Chrisman Mill Farms LLC*, 5:17-cv-00430-DCR-REW

Dear Judge Wier:

      I write on behalf of Plaintiff Brian R. Blazer d/b/a Carpenter Bee Solutions ("Plaintiff") in the above-referenced case to provide the court-ordered ESI Status Report (D.I. 60 at 1-2). Plaintiff apologizes for the delay in providing this report to the Court. Much of the information provided herein was not available until very recently.

**ESI Status Report**

      As the Court is aware, Plaintiff previously identified three computers that may contain responsive documents or information but which were inaccessible due to technical failures rendering the computers inoperable. Plaintiff has since had the hard drives from all three computers removed and analyzed.

      *Hard Drive 1*: This first hard drive does not appear to have suffered any damage. Counsel for Mr. Blazer was able to access this hard drive using an "I UN" brand "All in 1 HDD Docking" device. The drive contains no responsive documents or information. This hard drive appears to have been installed in a computer primarily used by Plaintiff's wife, and was apparently not used in connection with Plaintiff's Carpenter Bee Solutions business.

      *Hard Drive 2*: This second hard drive was not accessible using the HDD dock. The drive was provided to Metro Computer Atlanta, who was able to recover approximately 5 GB of information from it. Among those 5 GB, the only responsive information appears to be approximately 20 photographs of a bee trap or traps with metadata indicating they were taken from 4-24-2008 to 7-9-2008. No other responsive documents or information have been identified from the information recovered from this drive.

      *Hard Drive 3*: This third drive was also not accessible using the HDD dock. It was also provided to Metro Computer Atlanta, but they were unable to recover any information from the drive. This drive was then sent to Secure Data, Inc. for initial testing to determine if any information

Gleason Law LLC
780 Morosgo Drive #14084
Atlanta, GA 30324-9998

joe@gleason.legal
404-594-3550
www.gleason.legal

will be recoverable from the drive and if so how much such recovery will cost. Secure Data reports that "the drive is in very serious condition and will require multiple part replacements. The inside of the drive is contaminated with metallic dusting and debris. There is media damage present on the platters, which will force us to replace components more than once." Secure Data further reports that "due to surface damage only a partial recovery is possible, with individual recoverable files being 300MB or smaller." Secure Data's estimated price for its recovery attempts is $2,642.76. Plaintiff has attempted to identify other companies who may provide recovery services at a lower price, but has been unsuccessful. Given the need for a 'clean room,' any recovery attempts on Hard Drive 3 are simply going to be expensive.

      Plaintiff submits that, based on the high estimated cost and likelihood of only partial data recovery, whatever ESI may reside on Hard Drive 3 is "not reasonably accessible." Fed. R Civ. P. 26(b)(2)(B). Plaintiff proposes that the Court shift the cost of any recovery attempts on Hard Drive 3 to CMF, enabling CMF to choose whether to proceed with such attempts. Fed. R Civ. P. 26(c)(1)(B).

Sincerely,

*Joseph J. Gleason*

Joseph J. Gleason

Gleason Law LLC  
780 Morosgo Drive NE #14084  
Atlanta, GA 30324-9998

joe@gleason.legal  
404-594-3550  
www.gleason.legal