UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| BRIAN R. BLAZER d/b/a CARPENTER BEE SOLUTIONS,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISMAN MILL FARMS, LLC.<br><br>  Defendant. | Case No. 5:17-cv-00430-DCR-REW<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Chrisman Mill Farms LLC's ("CMF's") Motion to Compel (D.I. 80) must be denied as untimely.

**I.     FACTS**

On January 30, 3018, the Court ordered CMF to file "a motion concerning all discovery topics in dispute … within 10 days." D.I. 79 at 1. That Court-ordered deadline passed on February 9, 2018 and CMF filed no motion. Instead, without ever seeking leave to do so, CMF filed its discovery motion on February 16, 2018, a week after the Court-imposed deadline. The same day, the Court Ordered CMF "to Show Cause concerning its lack of compliance with DE #79 and why the Court should not dismiss DE #80 as untimely filed." D.I. 81 at 1. In its response to the Court's Show Cause Order, CMF contends only that the deadline for filing its motion "had been

calendared incorrectly in counsel's system." D.I. 84 at 1. CMF offers no other explanation, reason, or excuse for its failure to meet the Court's clear deadline. Further, to this day CMF has not filed a motion to extend the time in which CMF was permitted to file its Motion to Compel.

## II. ARGUMENT

Federal Rule of Civil Procedure 6(b) governs all extensions of time under the Federal Rules. The Supreme Court has described Rule 6(b) as providing the "standard for allowing late filings[.]" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 113 S. Ct. 1489, 1497 (1993); *cf. Lujan v. Nat'l Wildlife Fed'n,* 110 S. Ct. 3177, 3192 & 3192 n.7 (1990). Here, because the Court did not act and CMF did not make any request prior to the Court's original February 9, 2018 deadline, Rule 6(b)(1)(A) does not apply. Accordingly, an extension of time can only be granted "for good cause" and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).[1]

Here, CMF has failed to make any motion to extend the Court's previous deadline. This alone prevents the Court from extending CMF's time under Rule 6(b)(1)(B). *See First Technology Capital, Inc. v. BancTEC, Inc.*, No. 5:16-cv-138-

---

[1] If the Court's January 30, 2018 Order (D.I. 79) were interpreted as a Rule 16(b) Scheduling Order, then Rule 16(b)(4) would also apply and would permit modification of the Court's deadline "only for good cause shown and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts in this district have previously found that the "good cause" required by both Rule 6 and Rule 16 is the same, and that the additional "excusable neglect" of by Rule 6 is appropriately required where, as here, a deadline has already passed before any relief is sought. *See, e.g., Century Indemnity Co. v. Begley Co.*, No. 5:17-CV-138-JMH (E.D. Ken. January 3, 2018).

REW (E.D. Ken. Dec. 27, 2016)(Under Rule 6, a Court may extend time only 'on motion made'); s*ee also, e.g., Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d. Cir. 2010)("Courts have construed *Lujan's* construction of Rule 6(b) to impose a strict requirement that litigants file formal motions for Rule 6(b) time extensions when attempting to file in contravention of a scheduling order."); *Smith v. District of Columbia*, 430 F.3d 450, 456 (D.C. Cir. 2005)(post-deadline extensions may be granted only upon motion.); *Jones v. Cent. Bank,* 161 F.3d 311, 314 n. 2 (5th Cir. 1998) ("[R]ule 6(b)(2) requires that, once a deadline has expired (as occurred in the instant case), leave to file late can be granted only `upon motion made.' The Supreme Court said so explicitly in construing rule 6(b) in [*Lujan*].... In other words, there is no discretion to grant a post-deadline extension absent a motion and showing of excusable neglect."). CMF's failure to file a formal motion for extension of time thus means the Court has no discretion to extend CMF's time for filing under Rule 6(b)(1)(B). Accordingly, CMF's Motion to Compel must be dismissed as untimely.

Even if CMF had properly filed a motion for extension of time, the Court would still be required to deny CMF's motion as untimely. This is because CMF has failed to meet either the "good cause" or "excusable neglect" standards, both of which must be satisfied before time can be extended under Rule 6(b)(1)(B). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will

not suffer prejudice*." Century Indemnity Co. v. Begley Co.*, No. 5:17-CV-138-JMH (E.D. Ken. Jan. 3, 2018)(*quoting Ross v. Am. Red Cross,* 567 F. App'x 296, 306 (6th Cir. 2014)). CMF has not met even the first step this rigorous standard. Specifically, CMF has not shown that it could not meet the Court's February 9, 2016 deadline despite its own due diligence. On the contrary, CMF has shown that it failed to meet the Court's deadline precisely because it was not diligent in calendaring the Court's deadline. This type of "carelessness is not compatible with a finding of diligence and offers no reason for relief." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Further, "without some evidence of an attempt to meet the Court's deadlines, [the movant cannot] sufficiently demonstrate the requisite diligence or good cause for relief …" *American Modern Select Ins. Co. v. Kendrick*, No. 5:13-CV-245-DCR (E.D. Ken. July 7, 2014). CMF has offered no evidence that it attempted to comply with the Court's actual deadline, and thus the Court cannot find that CMF acted with due diligence. This lack of diligence prevents the Court from finding "good cause" to extend its previously-ordered deadline, which means CMF's Motion to Compel must be dismissed as untimely.

Of course, the primary measure of good cause "is the moving party's diligence in attempting to meet" the Court's deadlines. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The prejudice to the opposing party is merely "[a]nother relevant consideration." *Id.* The Sixth Circuit has placed the burden on the moving party to

demonstrate lack of prejudice to the non-movant. *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). CMF has failed to carry its burden here. Plaintiff is prejudiced by CMF's late filing in numerous ways. First, if CMF's Motion had been timely filed, Plaintiff might have been able to rectify some of the issues complained of by CMF. Because of CMF's late filing, the discovery period is now closed. Further, Plaintiff had intended to use the present Opposition to substantively respond to CMF's discovery issues, and to address the Court's substantive concerns. Instead, Plaintiff has been required to devote its Opposition to the timeliness of CMF's Motion. Plaintiff has thus been prejudiced by CMF's late filing. This, too, prevents the Court from finding good cause to extend CMF's deadline, and requires the Court to deny CMF's Motion to Compel as untimely.

Finally, even if CMF were able to show good cause, it would also be required to show "excusable neglect" under Rule 6(b)(1)(B) before the Court could extend CMF's deadline for filing a Motion to Compel. But CMF's failure to timely file its Motion to Compel was not the result of excusable neglect, but rather the result of a calendaring mistake by CMF's counsel. This Court has previously held that an attorney's failure to meet a deadline because it was improperly calendared is the very definition of *in*excusable neglect. *Bramblett v. Thompson*, No. 3:09-CV-39-DCR (E.D. Ken. Dec. 1, 2009)(finding inexcusable neglect where attorney contended his office did not properly docket a deadline); *see also Kendall v. Hoover Co.*, 751 F.2d

171, 175 (6th Cir. 1984)("The failure to timely respond to a motion [] or request an extension of time to file a response thereto is inexcusable neglect."); *Peake v. First National Bank & Trust Co. of Marquette,* 101 F.R.D. 544, 546 (W.D. Mich. 1984) ("Excusable neglect calls for `circumstances that are unique or extraordinary. If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless'"). CMF's only excuse has thus repeatedly been found to constitute inexcusable neglect. Again, this means the Court cannot extend CMF's deadline under Rule 6(b)(1)(B) and must instead deny CMF's Motion to Compel as untimely.

### III. CONCLUSION

CMF has not filed a motion to extend time. CMF cannot show the due diligence or lack of prejudice required to establish good cause under either Rule 6 or Rule 16. And CMF's only "excuse" cannot constitute excusable neglect. For these reasons, the Court should not and in fact cannot extend CMF's time for filing its Motion to Compel. Instead, the Motion must be denied as untimely filed.

Date: <u>February 26, 2018</u>                    Respectfully submitted,

                                                        s/Joseph J. Gleason
                                                       Joseph J. Gleason
                                                       *pro hac vice* (GA Bar 297202)
                                                       Gleason Law LLC
                                                       780 Morosgo Drive NE #14084
                                                       Atlanta, Georgia 30305
                                                       Telephone: 404-594-3550
                                                       joe@gleason.legal

**Attorney for Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2018, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing to the following counsel:

James M. Francis, Esq.
Francis Law Firm
2333 Alexandria Drive
Lexington, Kentucky 40504

        By: s/Joseph J. Gleason
        Joseph J. Gleason
        Gleason Law LLC
        780 Morosgo Drive NE #14084
        Atlanta, Georgia 30305
        Telephone: 404-594-3550
        joe@gleason.legal

**Attorney for Plaintiff**