UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRIAN ROBERT BLAZER, d/b/a<br>CARPENTER BEE SOLUTIONS, | )<br>)<br>) | |
| Plaintiff, | ) | No. 5:17-CV-430-DCR-REW |
| v. | )<br>)<br>) | OPINION AND ORDER |
| CHRISMAN MILL FARMS, LLC, | )<br>) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On January 30, 2018, the Court ordered Defendant Chrisman Mill Farms, LLC (CMF), to file "a motion concerning all discovery topics in dispute . . . within 10 days." DE #79, at 1. That deadline passed, and CMF made no filing. Later, on February 16, 2018, Defendant, without seeking or receiving Court authorization, filed such a discovery motion, a week tardy. *See* DE #80 (Motion to Compel). The Court, thus, ordered CMF to show cause "concerning its lack of compliance with DE #79 and why the Court should not dismiss DE #80 as untimely filed." DE #81 (Order). CMF responded. DE #84. Plaintiff then responded to DE #80, seeking timeliness-based dismissal. DE #87 (Response). The matter is ripe for consideration.

As this District recently reminded litigants, "deadlines are important things. [W]hen the Court establishes deadlines, the parties are obliged to follow them. If a party attempts to file an untimely motion, the Court will not blithely [evaluate] it without considering the reasons for the delay." *Century Indem. Co. v. Begley Co.*, ___ F. Supp. 3d ___, No. 5:17-cv-138-JMH, 2018 WL 272576, at \*1 (E.D. Ky. Jan. 3, 2018).

1

Specifically, under Rule 6, as to an expired deadline, the Court "may" extend the time "for good cause," but only "on motion made after the time has expired if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.").[1] CMF nowhere in DE ##80 or 84 addresses the standards of Rule 6.

Excusable neglect is an equitable balance of five factors: (1) prejudice to the nonmoving party; (2) length of delay and potential impact on judicial proceedings; (3) reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the late-filing party acted in good faith. *See Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 113 S. Ct. 1489 (1993)); *see also, e.g., Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266-67 (6th Cir. 2009) ("The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission."). Although mostly unaided by Movant, the Court considers each factor in turn.

*Prejudice to Blazer*. The Court, in these circumstances, sees prejudice to Plaintiff. Indeed, Blazer directly asserted that he "is prejudiced by CMF's late filing in numerous ways." DE #87, at 5. Specifically, Blazer says that if CMF had timely filed, the parties "might have been able to rectify some of the issues complained of by CMF." *Id.* Further, Blazer bemoans the discovery period now being "closed" and, instead of responding to

---

[1] Although CMF has filed no motion seeking permission to make the late filing, the Court, on this record and to ensure full and fair consideration, treats DE ##80 and 84 as impliedly including such a request.

2

the motion to compel on the merits, having "to devote its [o]pposition to the timeliness of CMF's [m]otion." *Id.*

The Court adds the following additional observations. The Court set a particular motion filing deadline, which CMF let pass with no action. Blazer surely (as the Court did) then presumed that either (1) the parties had resolved their disputes or (2) CMF made an election, in the rough and tumble of litigation, to drop contestation of the issues. The Court designed the 10-day motion deadline, a period that ended on February 9, 2018, to tee the issues up in advance of the overall fact discovery cutoff, February 16, 2018. *See* DE #26, at 3. Instead, CMF ignored the Court's Order, let the issues fester, and bided its time until arrival of the discovery deadline itself to file the motion to compel. This disrupted (or could have disrupted) the imposed schedule, the orderly progression of the litigation, Blazer's expectations, and the Court's organizational effort.

CMF surprised Blazer with a discovery motion a week after the deadline to file passed, and on the day that discovery in the case ended. Blazer, thinking any potential need to defend against discovery disputes had abated, *see* DE #87, at 5, now faces prejudice in having to brief and defend the issues anew—post-filing-deadline, and post-discovery-close—in the forms of, for instance, (1) unexpected time to be spent on the issues instead of, for example, preparing for the upcoming *Markman* hearing; (2) additional money expended in paying counsel to litigate the issues, which he thought had been dropped; and (3) the very surprise and disruption itself inherent in noncompliance with a case deadline. *See, e.g.*, *Cooper v. Shelby Cnty., Tenn.*, No. 07-2283-STA-cgc, 2010 WL 1780139, at *5 (W.D. Tenn. Apr. 29, 2010) (countenancing "incur[ring] additional expense" as a prejudice marker); *EQT Prod. Co. v. Magnum Hunter Prod.,*

3

*Inc.*, No. 5:16-CV-150-JMH-REW, 2017 WL 2295906, at *4 (E.D. Ky. May 25, 2017) ("Simply put, there is harm in case disruption, paired with the attendant negative effects on the non-defaulting and innocent party."). The prejudice factor, thus, weighs against finding excusable neglect.

*Length of Delay / Impact on Proceedings*. The length of the delay, as the Court has recounted, was one week—a week of unwarranted disruption and delay in the orderly progression of the case. Further, as the Court just described, that week was an important one in view of the overall schedule. CMF elected to postpone litigation of the discovery issues until the date of the discovery cutoff itself, a meaningful period of delay vis-à-vis the other case proceedings—and one that threatens to cause further delays in case resolution, as the appropriate times for a *Markman* hearing and other case events quickly approach. *See, e.g.*, *Pogue v. Nw. Mut. Life Ins. Co.*, 2016 WL 3124649, at *4 (W.D. Ky. June 1, 2016) (bemoaning the "further delays in the progression of this case" that permitting the late filing would engender). This factor, too, although to a slightly lesser degree, in the Court's view, weighs against finding excusable neglect.

*Reason for the Delay*. The Sixth Circuit has noted that this factor has "the greatest import" in the excusable neglect inquiry. *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006). Despite this factor's "always critical" nature, *id.*, CMF did not address timeliness whatsoever (and, thus, did not even attempt to justify the filing delay) in DE #80. In DE #84, CMF states that the reason for the delay was simply that the deadline "had been calendared incorrectly in counsel's system." *Id.* at 1.

CMF's counsel's negligence—inadvertence, pure and simple—in failing to accurately keep track of and account for case deadlines, especially given the intensity of

4

the litigation surrounding these discovery issues, militates strongly against an excusable neglect finding. *See, e.g.*, *Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999) ("[A] fair-minded judge could easily find that the carelessness of th[is] attorney[] . . . was inexcusable."). The Court does not lightly excuse such carelessness. Simply put, "attorney error or inadvertence will not ordinarily support a finding of excusable neglect," *Morgan*, 165 F. App'x at 429, and the Court sees no reason to come to a different conclusion on these facts, involving straightforward and unjustified attorney deadline mis-calendaring. *See, e.g.*, *Shorette v. Harrington*, 234 F. App'x 3, 5 (2d Cir. 2007) (holding a "law office calendaring error" not sufficient for an excusable neglect finding); *In re Cade*, 552 B.R. 800, 806 (Bankr. S.D. Ohio 2014) ("In considering a request to extend a deadline which asserts that miscalendaring the date constitutes excusable neglect, numerous courts have found to the contrary and held that miscalendaring a deadline does not constitute excusable neglect." (collecting cases)); *Gohl v. Livonia Pub. Schools*, No. 12-cv-15199, 2016 WL 2848421, at *2 (E.D. Mich. May 16, 2016) ("[C]ounsel's inadvertence in calendaring the clear and unambiguous deadline . . . does not constitute excusable neglect."); *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (D.D.C. 2005) (calling mis-calendaring a "lame excuse" for tardy filing). This scenario appears to be "nothing more than a classic example of attorney error[, and] the federal courts are practically unanimous in holding that . . . attorney error is not 'excusable neglect.'" *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 101 F.R.D. 544, 546-57 (W.D. Mich. 1984).

*Whether the Delay was within CMF's Reasonable Control*. The delay here was squarely within CMF's sole control. CMF knew of the discovery issues well in advance

5

of DE #79 and the imposed filing deadline, *see* DE #76 (attaching communication regarding the disputes); *see also* DE #80, at 8 (stating that the undersigned gave CMF "[l]eave to file this motion . . . on January 30," but not acknowledging or accounting for the associated deadline), yet, apparently due to counsel's unexplained mis-calendaring, chose not to comply with the Court's Order. The discovery topics had been hotly debated and were no secret to the litigants or the Court; nevertheless, CMF, due only to its own choices and attorney's error, failed to comply with the filing deadline. This factor also, thus, weighs heavily against permitting consideration of the untimely motion.

*Whether CMF Acted in Good Faith*. The Court does not, on this record, question CMF's or its counsel's good faith in filing the motion, but good faith does not here alone justify an excusable neglect finding. *See, e.g.*, *First Tech. Capital, Inc. v. BancTec, Inc.*, No. 5:16-cv-138-REW, 2016 WL 7444943, at *7 (E.D. Ky. Dec. 27, 2016) (concluding "that BancTec has not established excusable neglect" although "the Court d[id] not question BancTec's or its counsel's good faith in bringing the matter to the Court's attention"); *Pogue*, 2016 WL 3124649, at *5 (denying an extension although not questioning movant's good faith); *Cooper*, 2010 WL 1780139, at *5-6 (upholding magistrate judge's ruling that a party's "neglect was not excusable" when "[f]our of the five factors" weighed against an excusable neglect finding).

On balance, considering all the excusable neglect factors and case circumstances, the Court holds that CMF has not established excusable neglect, under Rule 6(b)(1)(B), to permit consideration of the tardily-filed motion to compel.[2] Accordingly, the Court

---

[2]   To the extent CMF generally falls back "on the 'elastic' and 'at bottom . . . equitable' nature of the excusable-neglect standard," *Nafziger*, 467 F.3d at 524, invoking, for example, "the interest of justice" and Blazer's own perceived "dilatory conduct," DE

**DENIES** the portion of DE #80 requesting substantive discovery relief as untimely filed under Rule 6(b).

* * * * *

The Court issues this Order resolving a non-dispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A). Any party objecting to this Order should consult the statute and Federal Rule of Civil Procedure 72(a) concerning its right of and the mechanics for reconsideration before the District Court. Failure to object waives a party's right to review.

This the 28th day of February, 2018.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge

---

#84, at 1-2, such dependence simply "is misplaced." *Nafziger*, 467 F.3d at 524. The Court attempted to resolve the discovery disputes on their merits, *see* DE #79 (Order for plenary briefing), but CMF, due to its inexcusable neglect concerning motion filing, missed its opportunity for such consideration. Instead, to "accept [CMF's] argument[s] would deprive the term 'deadline' of much of its meaning." *Nafziger*, 467 F.3d at 523.

Further, CMF originally paired its motion with a request to extend discovery by two months. CMF then dropped that request. Thus, Defendant, which has been quick to complain and essentially implacable throughout discovery, wants this Court to excuse its late filing, wade into the full discovery-dispute merits, and then grant relief in discovery, all despite the discovery period being fully closed. This process seems ill sequenced and ill advised.