UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BRIAN R. BLAZER, d/b/a/ CARPENTER BEE SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 17-430-DCR |
| V. | ) ) ) | |
| CHRISMAN MILL FARMS, LLC, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Chrisman Mill Farms, LLC ("CMF") has filed a motion for leave to file a sur-reply in opposition to Plaintiff Brian Blazer's reply in support of his opening claim construction brief. [Record No. 78] As grounds, CMF asserts that Blazer's reply brief contained substantial inaccuracies and new arguments concerning CMF's declaration from a person of ordinary skill in the art ("POSITA") that did not appear in his opening claim construction brief. Because Blazer's reply raises a new argument concerning a previously-undisclosed declaration, the Court will grant CMF's motion for leave to file its sur-reply. However, for the reasons explained below, the Court will also exclude from its consideration the declaration of Timothy R. Pennington.

**I.**

This matter was transferred to this Court from the United States District Court for the Northern District of Alabama in accordance with 28 U.S.C. § 1406(a), on October 16, 2017. [Record No. 33] The parties previously met and conferred and filed a report [Record No. 25],

after which a Scheduling Order was entered by the district judge in Alabama. [Record No. 26] This Court adopted the deadlines in the previously-filed scheduling order, but amended the *Markman* briefing schedule. [Record No. 43] One deadline which the Court adopted was the October 23, 2017 deadline for the exchange of Preliminary Claim Construction and Extrinsic Evidence. [Record No. 26, p. 2] CMF admits that this deadline exists but it argues that, because a declaration from a POSITA had not been obtained at the time of the preliminary exchange deadline and the Court did not require the identification of extrinsic evidence in the Joint Claim Construction Statement, disclosure of the declaration was unnecessary and not required. Additionally, CFM argues that the burden to ask for any extrinsic evidence was on Blazer. And because he did not conduct any discovery on the issue, CMF alleges that he cannot now complain about the declaration's disclosure.

**II.**

Rule 26 of the Federal Rules of Civil Procedure requires that parties supplement a disclosure under this rule "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(a). If a party fails to supplement an earlier response, Rule 37 provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, CMF's attempt to side-step its disclosure requirement (i.e., by arguing that disclosure was not required because it obtained the declaration after the deadline and that

Blazer failed to seek the information through discovery) fails to take into account its duty to supplement under Federal Rule of Civil Procedure 26(e). Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(e); that is, "it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Roberts ex. rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98–5488, 1999 WL 455435, at *3 (6th Cir. June 25, 1999)).

Further, CMF's argument that the patent rules of the Northern District of Alabama do not apply is disingenuous. United States Magistrate Judge Wier explicitly told the parties that, in his view, the Alabama local patent rules continue to apply in this litigation via the Court's Scheduling Order. [Record No. 60, ¶ 2] CMF did not object to that view. Instead, it has consistently argued throughout this litigation that the Alabama patent rules continue to apply. *See* Record No. 65, p. 1; Record No. 78-1, pp. 3, 12-13. The Court adopted the previously agreed-upon deadlines which cited the relevant Alabama patent rule, but made several amendments, including an amendment regarding what was required in the Joint Claim Construction Statement. While CMF is correct that extrinsic evidence identification was not required in the Joint Claim Construction Statement, nothing in the Court's Scheduling Order changed the previous extrinsic evidence disclosure deadline or CMF's duty under Rule 26(e).

To the extent that CMF intends for the Court to consider the Declaration of Timothy R. Pennington, Rule 37(c)(1) precludes such reliance based on its failure to supplement its previous extrinsic evidence disclosures in a timely manner. As the Sixth Circuit has pointed out, the advisory committee's note on Rule 37(c) "strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the

other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks and citation omitted). The burden is on the "potentially sanctioned party to prove harmlessness." *Vance*, 1999 WL 455435, at *6.

In this case, CMF has not asserted that its failure to disclose the extrinsic evidence was an honest mistake or that Blazer has knowledge of the declaration and opinions offered. While CMF argues that Blazer could have sought discovery and asked about any extrinsic evidence, it fails to acknowledge the reason that Blazer was caught by surprise by the 11th hour disclosure: CMF's failure to supplement its extrinsic evidence disclosures. The time to disclose extrinsic evidence ended October 23, 2017. The deadline for completing claim construction discovery ended December 20, 2017, and neither party sought leave to extend that deadline. Now is not the time to reward CMF for its failure to follow the rules or abide by this Court's Scheduling Order.[1]

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant's motion for leave to file a sur-reply [Record No. 78] is **GRANTED**. The Clerk of Court is **DIRECTED** to file sur-reply previously tendered [Record No. 78-1]

---

[1] The Court further notes that the Declaration of Timothy R. Pennington does not comport with the requirements for an unsworn declaration under 28 U.S.C. § 1746. The declaration must be signed by the writer, as true under penalty of perjury, and dated, in substantially the following form if executed within the United States: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". *See* 28 U.S.C. § 1746.

2. The Declaration of Timothy R. Pennington [Record No. 73-1, Exhibit A, pp. 33-35] shall be **EXCLUDED** from the Court's consideration.

This 11th day of April, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge