UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRIAN ROBERT BLAZER, d/b/a CARPENTER BEE SOLUTIONS, | ) ) ) | |
| Plaintiff, | ) ) | No. 5:17-CV-430-REW |
| v. | ) ) | ORDER |
| CHRISMAN MILL FARMS, LLC, | ) ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

At the Court's direction, the parties' submitted a joint status report addressing several topics. *See* DE 110.  The Court agrees that mediation makes sense and **REFERS** this matter to Judge Stinnett for a prompt mediation, to be set sensitive to the extant schedule.

In its Claim Construction Opinion & Order, the Court adopted certain deadlines for expert disclosures and dispositive motions. *Id.* As the parties' point out, the Court did not establish a deadline for expert depositions (a deadline the Court sees no need to establish separate from a general expert discovery closure date) or motions to strike expert testimony.[1] To clarify and to address the remaining topics raised in the report, the Court **ORDERS** as follows:

---

[1] To the extent the parties' reference to "motions to strike expert testimony" was intended to encompass non-*Daubert* liminal attacks on experts, the Court, pending resolution of any dispositive motions, declines to set a specific deadline for motions *in limine*. In any event, the Court's establishment of a firm expert discovery closure date obviates the need for the requested deadline as a trigger for deposition scheduling. That is, this Order independently establishes a deadline for all expert discovery, including depositions.

1. No later than **July 2, 2020**, the parties **SHALL** complete all expert discovery;

2. No later than **July 17, 2020, t**he parties **SHALL** file all dispositive and *Daubert* motions.[2] Local Rule 7.1 shall govern response and reply time.[3] Any depositions cited to in a motion or other brief must be filed in their entirety along with the motion or other brief (either as a separate record entry or if feasible as an attachment); and

3. The Court will, if necessary, establish a trial schedule (and related deadlines) following resolution of any dispositive motions.

This the 29th day of April, 2020.

Signed By:
*Robert E. Wier*  /s/ REW
United States District Judge

---

[2] Obviously, this deadline supplants the previously adopted dispositive motion deadline. *See* DE 108 at 37.

[3] It appears the parties interpreted the Court's directive to provide "an estimate of the time necessary to file pretrial motions **following the Court's resolution of any dispositive motions**" as a request to propose a briefing schedule for dispositive motions. DE 108 at 37 (emphasis added); *see* DE 110 at 2. To be clear, the Court's reference to "pretrial motions" was a reference to motions regarding matters for trial, *e.g.*, *in limine* requests for exclusion and other evidentiary matters, motions concerning trial mechanics, etc.